IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TOMMY LEE LANDERS                                                        PLAINTIFF

V.                                NO. 10-5231

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Tommy Lee Landers, appealed the Commissioner's denial of benefits to this Court. On February 7, 2012, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 10). Plaintiff now moves for an award of $4,117.40 in attorney's fees, paralegal's fees, and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter ("EAJA"), requesting compensation for 25.05 hours of attorney work performed before the Court in 2010, 2011, and 2012, and 3.75 hours of paralegal work performed before the Court in 2010, 2011, and 2012, at an hourly rate of $152.00 for the attorney, and $75.00 for the paralegal. (Doc. 11).

Defendant has filed a response, stating that he does not oppose the requested hourly rate, but opposes the total number of hours requested. (Doc. 13).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for

AO72A
(Rev. 8/82)

the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time

records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $152.00 for work performed in 2010, 2011, and 2012, for the 25.05 attorney hours which she asserts were devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI-Urban in support of her requested hourly rate. Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The CPI-South index supports counsel's requested hourly rate. Accordingly, the Court finds that an award based upon an hourly rate of $152.00, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.

The Court next addresses the number of hours Plaintiff's counsel claims she spent working on this case.

Defendant has objected to numerous entries in the itemization of hours, requesting that

a total of 4.3 hours be deducted. Some of Defendant's objections have merit. For example, the transcript in this case was 560 pages in length, and Plaintiff's counsel claimed 13.2 hours reviewing the transcript and preparing the brief and to "review medical records." Plaintiff's counsel already sought 1.25 hours on November 15, 2010, to "Review of medical records and rationale of Administrative Law Judge's decision for draft of Complaint." The Court therefore believes that 1.25 hours is duplicative, and will recommend that 1.25 hours of attorney time be deducted.

Plaintiff's counsel seeks .15 hours for receiving and reviewing the Scheduling Order. This time is clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987)(work which could have been completed by support staff is not compensable under the EAJA). Accordingly, it is recommended that .15 attorney hours should be deducted.

Plaintiff's counsel seeks .50 hours of attorney time for "Letter to administrative-level counsel informing of successful completion of Federal District Court case and reporting Plaintiff would be in contact." This time was not spent on matters before the Court and it is therefore recommended that .50 hours of attorney time be deducted.

Plaintiff's counsel seeks 1 hour of paralegal time to transport the summonses to the Court for issuance by the Clerk. This time cannot be compensated under the EAJA as it is found to be clerical work. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 (1989)(Paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial date; checking legal citations; and drafting

correspondence. Purely clerical or secretarial tasks should not be billed at a paralegal rate): <u>Miller v. Alamo</u>, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). Accordingly, the Court recommends that 1 hour of paralegal time be deducted.

Plaintiff's counsel seeks $28.55 in postage. It is recommended that this amount be recovered and characterized as an expense per 28 U.S.C. § 2412(b),(d).

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 23.15 attorney hours (25.05 hours less 1.9 hours) at an hourly rate of $152.00 for work performed in 2010, 2011, and 2012; 2.75 paralegal hours ( 3.75 hours less 1 hour) at an hourly rate of $75.00 for work performed in 2010, 2011, and 2012; for a total attorney's fee award of $3,725.05, plus postage expenses of $28.55. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of August, 2012.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE